COPE, Judge.
L.S. appeals his adjudication of delinquency of multiple charges. The dispositive issue is whether there was a founded suspicion to make an investigatory stop.
The arresting officer testified that L.S. was a passenger in an automobile which was driving in an alleyway in Miami Shores. The officer observed the vehicle traveling southbound in the alleyway at 10:30 a.m. on a weekday. The officer testified that the alleyway is used for local traffic. After observing the vehicle travel in the alleyway for three blocks, the officer activated his lights in an attempt to initiate a traffic stop. The vehicle sped away but the officer later apprehended L.S.
L.S. was charged with burglary of a conveyance, grand theft auto, criminal mischief, and resisting arrest without violence. L.S. moved to suppress statements that he made *1245 to the arresting officer. After the motion to suppress was denied, L.S. entered a plea of no contest, reserving for appeal the denial of the motion to suppress. On appeal, the question we address is whether there was a founded suspicion to make an investigatory stop.
The officer testified simply that he observed a vehicle traveling three blocks southbound in an alleyway which is used by local traffic. This occurred at 10:30 a.m. on a weekday. The State did not ask the officer what it was about the circumstances that led the officer to have a well-founded suspicion that criminal activity was afoot. See Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879-80, 20 L.Ed.2d 889 (1968) (“And in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant that intrusion.”); § 901.151(2), Fla. Stat. (1995).
The trial court’s remarks indicate that the court interpreted the officer as testifying that the vehicle had been driven back and forth repeatedly over the same stretch of alleyway. If that were the testimony, we would have a different case. However, the officer’s testimony was clear that he observed the vehicle simply drive three blocks down an alleyway that is used for local traffic, at 10:30 a.m. on a weekday. In the absence of some explanation by the officer about why, in light of the officer’s training and experience, the circumstances gave rise to a well-founded fear that a crime had been, was being, or was about to be, committed, see § 901.151(2), Fla. Stat., we are obliged to conclude that a well-founded suspicion was not shown, and the motion to suppress evidence should have been granted.
Reversed.